

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JSC
F. #2016R01078

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 8, 2016

By Federal Express

Javier A. Solano, Esq.
350 Fifth Avenue, Suite 5900
New York, New York 10118

        Re:    United States v. Michael Rizzi
                Criminal Docket No. 16-342 (CBA)

Dear Mr. Solano:

      Enclosed please find the first production of the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.     The Government's Discovery

    A.     Statements of the Defendant

      The government will produce any statements of the defendant made by email, text message or other material obtained pursuant to subpoena and search warrant in a forthcoming production.

    B.     The Defendant's Criminal History

      The defendant was arrested on October 21, 2009 and charged with Enterprise Corruption in Queens County Supreme Court. The defendant was convicted upon a plea of guilty to Promoting Gambling in the 2d degree, a Class A misdemeanor, on May 22, 2012.

    C.     Enclosed Discovery

      Please find enclosed:

- Signed search warrants for: the defendant's Brooklyn residence, Bates stamped RIZZI 000001-000007, the defendant's property on Lafayette Avenue, Bates stamped RIZZI 000096-000138, and the defendant's vehicle, Bates stamped RIZZI 000089-000095, and accompanying Exhibits, Bates stamped RIZZI 000197-000200;

- Search warrant affidavit for the defendant's Brooklyn residence, Lafayette property and vehicle, Bates stamped RIZZI 000039-000088;

- Search warrant affidavit for the modelsofNYC@yahoo.com email account, Bates stamped RIZZI 000008-000038;

- Signed arrest warrant for the defendant's arrest, Bates stamped RIZZI 000139-000140, and complaint, Bates stamped RIZZI 000141-000162;

- Tracking warrants and affidavits for the defendant's vehicle, Bates stamped RIZZI 000163-000180 and RIZZI 000181-000196.

D. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E. Brady Material

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. <u>The Defendant's Required Disclosures</u>

   The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

   The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

   The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

   Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. <u>Future Discussions</u>

   If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

      Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                           Very truly yours,

                           ROBERT L. CAPERS
                           United States Attorney

By:   /s/ Jennifer Sasso Carapiet
       Jennifer Sasso Carapiet
       Assistant U.S. Attorney
       (718) 254-6402

Enclosures

cc:    Clerk of the Court (CBA) (by ECF) (without enclosures)