SLR:LDM:CSK
F. #2016R01078/2016V01377

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 14 2016 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against –

MICHAEL RIZZI,
    also known as "Bruce,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

16 CR 342 (CBA)

WHEREAS, on or about October 5, 2016, MICHAEL RIZZI (the "defendant"), entered a plea of guilty to the offense charged in Count Two of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1956(h); and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant has consented to the forfeiture of all right, title, and interest to the United States in: (a) approximately fifty-eight (58) domain names registered with GoDaddy.com, Inc., seized pursuant to a court authorized seizure warrant on or about May 20, 2016, and all proceeds traceable thereto (the "58 websites"); (b) any and all funds on deposit in Electronic Merchant Systems Merchant Account for BJM Consulting d/b/a Manhattan Stakes Entertainment and/or Michael Rizzi Merchant # xxx377994, and any and all related accounts up to and including the sum of one hundred twenty thousand two hundred and forty-seven dollars and zero cents ($120,247.00) seized pursuant to a court authorized seizure warrant on or about May 27, 2016, and all proceeds traceable thereto (the "EMS accounts"); and (c) the real property and premises known as 557 NW 39th Circle, Boca Raton, Florida, title to which is held in the name of

Michael Rizzi, and all proceeds traceable thereto (the "Florida property") (collectively the "Forfeited Assets"), as property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. § 982(a)(1), the defendant shall forfeit to the United States all right, title, and interest in the Forfeited Assets.

2. Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty days (30) of the final publication of notice or receipt of notice or no later than sixty days (60) after the first day of publication on an official

government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. If the Forfeited Assets or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Assets, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. The defendant further waives any

and all right, title and interest, or claim he has or may have in connection with the pending civil forfeiture action captioned United States v. Real Property and Premises Known as 557 NW 39th Circle, Boca Raton, Florida 33431, 16 CV-2605 (EDNY)(CBA). In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property and/or money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, monies and properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.  The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10. The forfeiture of the Forfeited Assets shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

United States v. MICHAEL RIZZI, 16 CR 342 (CBA)
Preliminary Order of Forfeiture
Page 4

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court "so ordering" the Order.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, mail three (3) certified copies of this executed Order to FSA Law Clerk Shermin Lakha, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, NY 11201.

Dated: Brooklyn, New York
October 13, 2016

SO ORDERED:

s/Carol Bagley Amon

HONORABLE CAROL B. AMON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

United States v. MICHAEL RIZZI, 16 CR 342 (CBA)
Preliminary Order of Forfeiture
Page 5