Case 1:16-cr-00342-CBA Document 36-12 Filed 03/27/17 Page 1 of 27 PageID #:
Case 1:16-cr-00342-CBA Document 36-1 Filed 03/16/17 Page 2 of 27 PageID #:
407

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA     *    Case No. 16-CR-342(CBA)
                          *
                          *    Brooklyn, New York
                          *    October 5, 2016
      v.                    *
                          *
MICHAEL RIZZI,             *
                          *
           Defendant.     *
                          *

* * * * * * * * * * * * * * * *

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:            JENNIFER M. SASSO, ESQ.
                          ERIK DAVID PAULSEN, ESQ.
                          CLAIRE S. KEDESHIAN, ESQ.
                          Asst. United States Attorney
                          United States Attorney's Office
                          271 Cadman Plaza
                          Brooklyn, NY 11201


For the Defendant:            JAVIER A. SOLANO, ESQ.
                          Law Offices of Javier A.
                           Solano, PLLC
                          350 Fifth Avenue
                          Suite 5900
                          New York, NY  10118

                          MICHAEL PETER KUSHNER, ESQ.
                          16 Court Street
                          Suite 2901
                          Brooklyn, NY  11241


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

```
 1              (Proceedings commenced at 2:35 p.m.)

 2              THE CLERK:  This is the matter of United States vs.

 3      Michael Rizzi, case no. 16-CR-342, criminal cause for

 4      pleading.

 5              Counsel, please state your appearances for the

 6      record.

 7              MS. SASSO:  Good afternoon, Your Honor.  For the

 8      United States, Jennifer Sasso, Erik Paulsen and Claire

 9      Kedeshian.

10              THE COURT:  Good afternoon.

11              MR. PAULSEN:  Good afternoon, Your Honor.

12              MR. SOLANO:  Good afternoon, Your Honor.  On behalf

13      of Michael Rizzi, Javier Solano, 350 Fifth Avenue, Suite

14      5900, New York, NY  10118.

15              THE COURT:  All right.  Good afternoon.

16              MR. KUSHNER:  Michael Kushner for the defendant,

17      Mr. Rizzi as well, and Mr. Rizzi's in between us.

18              THE COURT:  Okay.  Good afternoon, Mr. Rizzi.

19              THE DEFENDANT:  Good afternoon.

20              THE COURT:  You may all be seated.

21              So Mr. Rizzi, I take it that you understand

22      English.

23              THE DEFENDANT:  Yes, ma'am.

24              THE COURT:  Okay.  If at any point something is

25      said that you don't understand, please let me know, okay?
```

3

```
1                THE DEFENDANT:  Okay.

2                THE COURT:  All right.

3                The first issue that I want to deal with is your

4       consent to have me hearing your plea.

5                You understand that this is Judge Amon's case and

6       she is the United States District Judge who will sentence you

7       and who will make the ultimate decision as to whether or not

8       to accept your plea of guilty.

9                If you wish, you have the absolute right to have

10      Judge Amon hear your plea and if you choose to do that,

11      there'll be no prejudice to you.

12               On the other hand, if you wish, I will hear your

13      plea this afternoon and a transcript will be made from the

14      tape recording devices here in the courtroom, and that

15      transcript will be given to Judge Amon to review at the time

16      of your sentence and when she makes her decision as to

17      whether or not to accept your plea of guilty.

18               Do you wish to give up your right to have Judge

19      Amon hear your plea and proceed instead before me this

20      afternoon?

21               THE DEFENDANT:  Yes.

22               THE COURT:  Do you make this decision voluntarily

23      and of your own free will?

24               THE DEFENDANT:  Yes.

25               THE COURT:  Has anyone made any threats or promises
```

4

1    to get you to agree to have me hear your plea?

2              THE DEFENDANT:  No.

3              THE COURT:  Okay.  Did he sign a consent form?

4              THE CLERK:  (Inaudible.)

5              THE COURT:  But there's no consent on it, so we

6    need -- I have a referral order from the judge, but I need to

7    have you consent in writing.

8         (Pause.)

9              THE COURT:  So I'll note for the record that Mr.

10   Rizzi has executed the consent form here in open court and

11   that it has also been signed by counsel for the defendant, by

12   the Assistant U.S. Attorney and I'm endorsing it as well.

13             All right.  Now Mr. Rizzi, before I can hear your

14   plea, there are a number of questions that I must ask you to

15   insure that it is a valid plea.

16             Again, if you don't understand any of my questions,

17   just tell me and I will rephrase them, okay?

18             THE DEFENDANT:  Okay.

19             THE COURT:  All right.  Would you raise you right

20   hand, please?

21        (The defendant is sworn.)

22             THE COURT:  All right.  You understand that having

23   been sworn, your answers to my questions will be subject to

24   the penalties of perjury, or making a false statement if you

25   do not answer them truthfully.

5

1          Do you understand that?

2          THE DEFENDANT:  I do.

3          THE COURT:  Okay. What is your full name?

4          THE DEFENDANT:  Michael Rizzi.

5          THE COURT:  And how old are you, sir?

6          THE DEFENDANT:  I am 45.

7          THE COURT:  What education have you had?

8          THE DEFENDANT:  High school and some college.  I

9    never completed a degree.

10          THE COURT:  Okay.  Have you had any problems

11    communicating with your attorney?

12          THE DEFENDANT:  No.

13          THE COURT:  Counsel, have you had any problems

14    communicating your client?

15          THE DEFENDANT:  No, ma'am?

16          THE COURT:  All right.  Mr. Rizzi, are you

17    presently or have you recently been under the care of either

18    a physician or a psychiatrist?

19          THE DEFENDANT:  I have.

20          THE COURT:  Okay.  Tell me which.  A physician?

21          THE DEFENDANT:  Presently not with a physician for

22    previous injuries, but a psychiatrist I see for attention

23    deficit disorder.

24          THE COURT:  Okay.  And when was the last time you

25    saw him?

6

1          THE DEFENDANT:  Two days ago.

2          THE COURT:  Okay.  And has he prescribed medication

3      for you?  Are you taking any prescription drugs at this time?

4          THE DEFENDANT:  Yes.

5          THE COURT:  What is it that you take?

6          THE DEFENDANT:  I take Adderall for attention

7      deficit disorder and in light of what's going on in my life

8      he's prescribed me Abien --

9          THE COURT:  Okay.

10         THE DEFENDANT:  -- for panic attacks at night and

11     stuff like that.

12         THE COURT:  Okay.  When did you last have the

13     Ambien?

14         THE DEFENDANT:  A few days ago.

15         THE COURT:  Okay.  And the Adderall, you had

16     yesterday?

17         THE DEFENDANT:  It's only as needed.  I haven't

18     taken it in a few days.

19         THE COURT:  Okay.  All right.  Do either of those

20     affect your ability to think clearly?

21         THE DEFENDANT:  The meds, no.  They don't affect my

22     ability to think clearly.

23         THE COURT:  All right.  And other than the

24     psychiatrist you haven't seen a regular doctor recently.

25         THE DEFENDANT:  I have not seen a regular doctor

7

1    recently.

2               THE COURT:  Okay.  In the last 24 hours, have you

3    taken any narcotic drugs?

4               THE DEFENDANT:  No.

5               THE COURT:  Any other medicine or pills of any

6    kind?

7               THE DEFENDANT:  No.

8               THE COURT:  Have you had any alcohol to drink in

9    the last 24 hours?

10              THE DEFENDANT:  No.

11              THE COURT:  Have you ever been hospitalized or

12   treated for a narcotics addiction?

13              THE DEFENDANT:  Never.

14              THE COURT:  Have you ever been treated for any

15   other mental or emotional problems?

16              THE DEFENDANT:  No.

17              THE COURT:  As you sit here before me today, is

18   your mind clear?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Do you understand what we're doing here

21   today?

22              THE DEFENDANT:  I do.

23              THE COURT:  All right.

24              Now, counsel, have you discussed the matter of

25   pleading guilty with your client?

Case 1:16-cr-00342-CBA   Document 36-12   Filed 03/27/17   Page 2 of 27   PageID #:
Case 1:16-cv-00842-CBA   Document 35-12   Filed 03/15/16   Page 3 of 27   PageID #:
414

8

1           MR. SOLANO:  I have, Your Honor.

2           THE COURT:  And does he understand the rights that

3     he will be waiving by pleading guilty?

4           MR. SOLANO:  Yes, he does.

5           THE COURT:  In your view, is he capable of

6     understanding the nature of these charges?

7           MR. SOLANO:  Yes.

8           THE COURT:  Do you have any doubt as to his

9     competence to plead at this time?

10          MR. SOLANO:  No, ma'am.

11          THE COURT:  Have you advised him of the maximum

12    sentence and fine that can be imposed as a result of this

13    plea here?

14          MR. SOLANO:  I have.

15          THE COURT:  And have you discussed with him the

16    operation of the sentencing guidelines in this case?

17          MR. SOLANO:  I have, Your Honor.

18          THE COURT:  All right.

19          Now Mr. Rizzi, you understand that you have the

20    right to be represented by an attorney from this point

21    forward in connection with these charges.  Do you understand

22    that?

23          THE DEFENDANT:  I do.

24          THE COURT:  And you also understand that if you

25    cannot afford to pay for counsel, you may apply to the court

9

1    and the court will appoint counsel for you.  You understand

2    that as well.

3              THE DEFENDANT:  Yes.

4              THE COURT:  And I take it, Mr. Solano, you are

5    actually retained in this case?

6              MR. SOLANO:  I am, Your Honor.

7              THE COURT:  Okay.  All right.

8              So Mr. Rizzi, have you had enough time to discuss

9    your case with your attorney?

10             THE DEFENDANT:  Yes, I did.

11             THE COURT:  And are you satisfied to have him

12   represent you?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Okay.  Have you received a copy of the

15   indictment?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Okay.  And have you discussed the

18   charges in the indictment with your attorney?

19             THE DEFENDANT:  I have.

20             THE COURT:  My understanding is that you are here

21   today to plead guilty to Count 2 of the indictment.  Is that

22   correct, counsel?

23             MR. SOLANO:  That is correct, Your Honor.

24             THE COURT:  All right.

25             Count 2 charges you with in or about and between

1    June, 2012 and May, 2016, both dates being approximate and

2    inclusive, within the Eastern District of New York and

3    elsewhere, you, together with others, did knowingly and

4    intentionally conspire to conduct one or more financial

5    transactions in and affecting interstate and foreign

6    commerce, specifically checks, deposits and transfers of

7    funds, which transactions, in fact, involved the proceeds of

8    specified unlawful activity, specifically the use of

9    facilities in interstate and foreign commerce to distribute

10   the proceeds of and to promote a business enterprise

11   involving prostitution in violation of United States law,

12   knowing that the property involved in such transactions

13   represented the proceeds of some form of unlawful activity,

14   and with the intent to promote the carrying on of said

15   specified unlawful activity, all in violation of United

16   States law.

17           First of all, Mr. Rizzi, do you understand what a

18   conspiracy is?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Basically, a conspiracy is simply an

21   agreement between two or more people to do something

22   unlawful.

23           In this case, you are charged with agreeing with

24   others to engage in this money laundering scheme.

25           Do you understand the charge that has been read to

11

1    you in Count 2?

2            THE DEFENDANT:  I do.

3            THE COURT:  All right.  And you have discussed this

4    charge with your attorney?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Okay. Now, I want to make sure that you

7    understand the rights that you will be giving up if you

8    decide to plead guilty to this charge.

9            If you were to persist in pleading not guilty,

10   under the Constitution and the laws of the United States, you

11   would be entitled to a speedy and public trial by jury with

12   the assistance of counsel on the charges contained in the

13   indictment.

14           Do you understand?

15           THE DEFENDANT:  I do.

16           THE COURT:  At that trial, you would be presumed

17   innocent and the government would have to overcome that

18   presumption and prove you guilty by competence evidence and

19   beyond a reasonable doubt.

20           You would not have to prove that you were innocent.

21   If the government were to fail, the jury would have the duty

22   to find you not guilty.

23           Do you understand that?

24           THE DEFENDANT:  I so.

25           THE COURT:  In the course of a trial, the witnesses

1    for the government would have to come to court.  They would

2    have to testify in your presence.  Your attorney would have

3    the right to cross examine those witnesses for the

4    government, to object to any evidence offered by the

5    government and to offer evidence and subpoena witnesses to

6    testify on your behalf.

7            Do you understand that?

8            THE DEFENDANT:  I do.

9            THE COURT:  At the trial, while you would have the

10   right to testify if you chose to do so, you could not be

11   forced to testify.

12           Under the Constitution of the United States, a

13   defendant in a criminal case cannot be forced to take the

14   witness stand and say anything that could be used to show

15   that he is guilty of the crime with which he's been charged.

16           If you were to decide not to testify, the court

17   would instruct the jury that they could not hold that

18   decision against you.

19           Do you understand that?

20           THE DEFENDANT:  I do.

21           THE COURT:  If you plead guilty, on the other hand,

22   I'm going to have to ask you certain questions about what it

23   is that you did in order to satisfy myself that you are, in

24   fact, guilty of the charge to which you seek to plead guilty,

25   and you are going to have to answer my questions and

13

1    acknowledge your guilt.

2            Thus, you will be giving up that right that I just

3    described; that is the right not to say anything that could

4    be used to show that you are guilty of the crimes with which

5    you've been charged.

6            Do you understand that?

7            THE DEFENDANT:  I do.

8            THE COURT:  If you plead guilty, and I recommend to

9    Judge Amon that she accept your plea, you will be giving up

10   your Constitutional right to a trial and all of the other

11   rights that I've just described.  There'll be no further

12   trial of any kind.  Judge Amon will simply enter a judgment

13   of guilty based upon your guilty plea.  Do you understand

14   that?

15           THE DEFENDANT:  I do.

16           THE COURT:  Are you willing to give up your right

17   to a trial and the other rights that I've just described?

18           THE DEFENDANT:  Yes, ma'am.

19           THE COURT:  Okay.  Now I understand there is a

20   written plea agreement in this case. I'm marking it as Court

21   Exhibit 1 for purposes of these proceedings.

22           Mr. Rizzi, my law clerk is showing you this

23   agreement and I would ask you, first of all, if you have seen

24   it before.

25           THE DEFENDANT:  I have seen this before, yes. I

Case 1:16-cr-00942-CBA Document 36-12 Filed 03/27/17 Page 14 of 27 PageID #:

14

1    read it.

2              THE COURT:  Okay.  And have you had an opportunity

3    to read it?

4              THE DEFENDANT:  Yes.  Thoroughly.

5              THE COURT:  Did you discuss it with your attorney?

6              THE DEFENDANT:  I did.

7              THE COURT:  And do you understand what it says?

8              THE DEFENDANT:  I do.

9              THE COURT:  Okay.  And would you flip to the last

10   page and just tell me if that is your signature there?

11             THE DEFENDANT:  Yes, that's mine.

12             THE COURT:  Okay.  Does this agreement fully and

13   accurately reflect your understanding of the agreement that

14   you have with the government?

15             THE DEFENDANT:  It does.

16             THE COURT:  Other than the promises that are in the

17   agreement, has anyone made any other promise that has caused

18   you to plead guilty here?

19             THE DEFENDANT:  No.

20             THE COURT:  Has anyone made any promise to you as

21   to what your sentence will be?

22             THE DEFENDANT:  No.

23             THE COURT:  Okay.  All right.

24             I want to briefly review with you the sentencing

25   scheme that applies here.

15

1          The statute that you are accused of violating

2     carries a minimum term of imprisonment of zero years, but a

3     maximum of up to possibly 20 years in prison.   Do you

4     understand that?

5          THE DEFENDANT:  I do.

6          THE COURT:  Okay.  Now there are in effect what are

7     called sentencing guidelines, and those guidelines are merely

8     that; a guide to help the court determine where within that

9     zero to 20 year range your sentence should fall.

10          The guidelines are not mandatory, but the court is

11     required to consider the guidelines, along with all other

12     relevant factors in determining what an appropriate sentence

13     for you should be.

14          Do you understand that?

15          THE DEFENDANT:  I do.

16          THE COURT:  Okay.  The important thing that you

17     must understand is that until the time of sentencing when

18     Judge Amon is going to get what is called a presentence

19     report, which will be prepared by the Probation Department

20     following your plea here, and the judge has an opportunity to

21     hear from you, and to hear from your attorneys and to hear

22     from the government's attorney, until that time no one can

23     promise you exactly what your sentence will be; not your

24     attorneys, not the government's attorneys, not me, not even

25     Judge Amon until then.

Case 1:16-cr-00942-CBA Document 36-12 Filed 03/27/17 Page 16 of 27 PageID #: 422

16

1          Do you understand that?

2          THE DEFENDANT:  I do.

3          THE COURT:  Nevertheless, I'm going to ask the

4    government just to put on the record what your calculation of

5    the guideline range would be based on what we know today.

6          MS. SASSO:  Certainly, Your Honor.

7          At this point we have a base offense level as level

8    14 and then a five point enhancement under Section

9    2(s)1.1(D)(1) and 3(d)1.4.  Another four point enhancement

10   under Section 3(b)1.1(C) and a final two point enhancement

11   under Section 2(s)1.1(E)2(B) for a total base offense level

12   of 25.  In light of a guilty plea by a date certain there

13   would be a three point reduction, bringing us to a level 22.

14          That level carries a range of imprisonment of 41 to

15   51 months, assuming a criminal history category of 1.

16          THE COURT:  All right.  Now that's the government's

17   estimate.

18          I don't know counsel, if you have any quarrel with

19   the government's estimate that you'd like to put on the

20   record at this time. I do see though in the plea agreement

21   that you have stipulated to the base offense level of 14,

22   correct?

23          MR. SOLANO:  That is correct, Your Honor, along

24   with a two point upward adjustment.  We've stipulated to that

25   as well.

Case 1:16-cr-00042-CBA Document 36-12 Filed 03/27/17 Page 17 of 27 PageID #:
423
Case 1:16-cr-00042-CBA Document 36-12 Filed 03/27/17 Page 17 of 27 PageID #:

1          We have not stipulated to a five point upward

2   adjustment, as well as a two point adjustment to the base

3   level under both USG -- USSG 2(s)1.1(B)2(b), as well as USSG

4   35 -- I'm sorry, 3(b)1.1(C).  We reserve the right to argue

5   those at sentencing, Your Honor.

6          THE COURT:  Okay.  Well, so, Mr. Rizzi, the

7   important thing here is that according to the government's

8   estimate, and your attorney has arguments that he intends to

9   make at sentencing, but at this point we cannot determine

10  whether they will or will not be successful, but the

11  government's estimate is a term of imprisonment of between 41

12  and 51 months.

13         Do you understand that?

14         THE DEFENDANT:  I do.

15         THE COURT:  Okay.  You also understand that that

16  guideline estimate is not binding on the Probation Department

17  or the court, and it may be that the Probation Department or

18  the court for some reason determines that a different

19  guideline estimate should apply.

20         Do you understand that if that happens, you will

21  not be allowed to withdraw your guilty plea.  Do you

22  understand that?

23         THE DEFENDANT:  I do.

24         THE COURT:  Okay.  You also understand that as a

25  result of your plea you face a term of supervised release.

18

1          Do you know what supervised release is?

2          THE DEFENDANT:  I do.

3          THE COURT:  Okay.  Basically, once you've completed

4     any sentence of imprisonment that you're directed to serve,

5     you'll be released from jail but there'll be certain

6     restrictions placed on your freedom. Reporting to a probation

7     officer on a periodic basis is a common condition.  Do you

8     understand that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Okay.  In this case, you face a maximum

11     term of supervised release of three years and if you violate

12     any of the conditions of supervised release, you understand

13     that you could be sentenced up to two years in prison without

14     getting any credit for the time that you previously served in

15     prison, and without getting any credit for the time that you

16     served successfully on supervised release up until the date

17     that you committed the violation.

18          Do you understand that?

19          THE DEFENDANT:  I understand that.

20          THE COURT:  Do you also understand that you face a

21     potential fine?  The maximum fine that can be imposed in this

22     case is $500,000.

23          Do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And you must pay a $100 special

Case 1:16-cr-00342-CBA   Document 36-12   Filed 08/27/17   Page 19 of 27 PageID #: 425

19

1     assessment.  Do you understand that as well?

2                THE DEFENDANT:  I do.

3                THE COURT:  Okay.  And I take it that Mr. Rizzi is

4     a United States citizen?

5                MR. SOLANO:  He is, Your Honor.

6                THE COURT:  Okay. I only mentioned that because if

7     he were not, there would be a possibility of deportation.  So

8     I wanted to make sure that you were aware of that. Okay?

9                Now, the plea agreement also sets forth some

10    provisions with respect to forfeiture.  So paragraph 6 of the

11    plea agreement indicates that you've agreed to entry of an

12    order of forfeiture of certain assets set forth in the plea

13    agreement, approximately 58 domain names registered with

14    GoDaddy.com, Inc.  Any and all funds on deposit the

15    electronic merchant systems merchant account for VJM

16    Consulting and/or you, including the sum of $120,247 seized

17    pursuant to a seizure warrant, and certain real property

18    known as 557 Northwest 39th Circle in Boca Raton, Florida,

19    which is held in your name and all proceeds traceable

20    thereto.

21               Do understand that you have agreed to the

22    forfeiture of these items?

23               THE DEFENDANT:  I do.

24               THE COURT:  Okay.  Do you understand that if you

25    fail to forfeit these items or fail to execute any documents

Case 1:16-cr-00342-CBA   Document 36-12   Filed 03/27/17   Page 20 of 27 PageID #:

20

1      necessary to forfeit these items, that may be considered a

2      breach of this agreement.

3              Do you understand that as well?

4              THE DEFENDANT:  I do.

5              THE COURT:  Okay.  Now the plea agreement further

6      indicates that if for some reason any of these forfeited

7      assets are unable to be liquidated, or if you've transferred

8      them somewhere else, you will remain liable to the United

9      States for their fair market value in currency.

10             Do you understand that as well?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  Okay.  You've also agreed in the plea

13     agreement not to file or interpose any claim or assist anyone

14     else in filing or interposing any claim to these forfeited

15     assets.

16             Do you understand you've agreed to that?

17             THE DEFENDANT:  I agree.

18             THE COURT:  And you've given up all right, title

19     and interest or claim that you may have in connection with

20     the pending civil forfeiture action, which is docket no. 16-

21     CV-2605 pending in this district.

22             Do you understand you've agreed to that as well?

23             THE DEFENDANT:  I understand.

24             THE COURT:  Okay.  You've also agreed to give up

25     any right to a jury trial on the forfeiture of these assets.

21

1          Do you understand that?

2          THE DEFENDANT:  I do.

3          THE COURT:  Okay.  And you've waived any right to

4   discharge the forfeiture -- the forfeited assets in a

5   bankruptcy proceeding.

6          Do you understand that as well?

7          THE DEFENDANT:  I understand that.

8          THE COURT:  Okay.  Now you can appeal your

9   conviction if you believe that your guilty plea here was

10  somehow unlawful, or involuntary, or there was some other

11  fundamental defect in these proceedings that was not waived

12  by your plea.

13         You also have a statutory right to appeal your

14  sentence under certain circumstances, if you believe that

15  your sentence was contrary to law.

16         However, in the plea agreement, you've agreed that

17  you will not file an appeal or otherwise challenge your

18  conviction or your sentence so long as the court imposes a

19  term of imprisonment of 46 months or less.

20         Do you understand that you've agreed to that?

21         THE DEFENDANT:  I do.

22         THE COURT:  Okay.  Anything else in the plea

23  agreement that I should review with the defendant?

24         MS. SASSO:  Your Honor, I believe that covers it

25  for the agreement itself.  We did just want to be sure that

22

1    the record was clean that Mr. Rizzi was satisfied with his

2    counsel. I think we covered that he had the ability to confer

3    but we just wanted to touch on that one point.

4             THE COURT:  Oh, I did ask him that, but I will ask

5    him again.

6             MS. SASSO:  Thank you.

7             THE COURT:  You indicated earlier that you were

8    satisfied with your attorney.  Are you still satisfied with

9    your attorney?

10           THE DEFENDANT:  Yes.  Yes, ma'am.

11           THE COURT:  Okay.  All right.

12           Counsel, do you have anything in the plea agreement

13    that you think I didn't adequately cover?

14           MR. SOLANO:  No, Your Honor.

15           THE COURT:  Okay.  All right.

16           Mr. Rizzi, do you have any questions that you would

17    like to ask me about the charge, or your rights, or anything

18    else relating to this matter before we proceed?

19           THE DEFENDANT:  No, ma'am.  Thank you.

20           THE COURT:  Are you ready to plead at this time?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Counsel --

23           MR. SOLANO:  Your Honor, if I could have just one

24    moment with Mr. Rizzi?

25           THE COURT:  Sure.

23

        (Counsel and defendant confer.)

1              MR. SOLANO:  Thank you, Your Honor.

2              THE COURT:  All right.  Are you ready to plea, Mr.

3      Rizzi?

4              MR. SOLANO:  Yes, ma'am.

5              THE COURT:  Okay.  Counsel, do you know of any

6      reason why the defendant should not plead guilty?

7              MR. SOLANO:  No, Your Honor.

8              THE COURT:  Are you aware of any viable legal

9      defense to the charge?

10             MR. SOLANO:  No, ma'am.

11             THE COURT:  Michael Rizzi, what is your plea to

12     Count 2 of indictment 16-CR-342; guilty or not guilty?

13             THE DEFENDANT:  Guilty.

14             THE COURT:  Are you making this plea of guilty

15     voluntarily and of your own free will?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  Has anyone threatened or forced you to

18     plead guilty?

19             THE DEFENDANT:  No.

20             THE COURT:  Has anyone made any promise to you as

21     to what your sentence will be?

22             THE DEFENDANT:  No.

23             THE COURT:  All right.  I read the charge to you a

24     few minutes ago. I want you to tell me in your own words what

24

1    it is that you did between June, 2012 and May, 2016 in

2    connection with this money laundering conspiracy.  Tell me

3    what happened.

4            THE DEFENDANT:  I conspired with others to

5    financial transactions of illegal funds in regards to a

6    prostitution business.

7            THE COURT:  And you knew at the time that these

8    were funds from an illegal activity?

9            THE DEFENDANT:  Yes, ma'am.

10           THE COURT:  Okay.  And how did you transmit the

11   monies in this case?

12           THE DEFENDANT:  The monies were charges -- we ran

13   them -- you most of the client's credit cards.  So the

14   financial transactions were with credit card charges.

15           THE COURT:  Okay.  And you also knew that the --

16   not only the property was involved in some form of unlawful

17   activity, but you did these transactions in order to promote

18   that unlawful activity.  Is that fair to say?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  Okay.  And I assume that the government

21   would be able to show that the transmittal of the monies

22   through credit card charges affected interstate commerce in

23   some fashion.  Is that fair to say?

24           MS. SASSO:  Yes, Your Honor.

25           THE COURT:  Okay.  Is there anything else I should

Case 1:16-cr-00342-CBA   Document 30-12   Filed 11/19/16   Page 25 of 27 PageID #: 107

25

1    ask him?

2         MS. SASSO:  Just that certain of the activities in

3    this case, the majority did take place within the Eastern

4    District of New York.

5         THE COURT:  Is that fair to say?  Where were you

6    when were engaging in these activities?

7         THE DEFENDANT:  Mostly in New York City, in the

8    Eastern District.

9         THE COURT:  Okay.  What about Queens, Brooklyn?

10        THE DEFENDANT:  It's over a four year period of

11   time so I could say like in the high 90 percent of everything

12   is in Manhattan.

13        THE COURT:  But were there occasions where you were

14   in either Brooklyn, or Queens, or Staten Island, or Long

15   Island?

16        THE DEFENDANT:  Me, myself, no, but the business

17   clients may have been in all five boroughs.

18        THE COURT:  Okay.  Is that sufficient for the

19   government's purposes?  Do you have --

20        MS. SASSO:  Your Honor, we could also establish at

21   trial that certain of the business addresses were in

22   Brooklyn, or in Staten Island and through other evidence that

23   there were other transactions that did take place within the

24   Eastern District.

25        THE DEFENDANT:  I can clarify that.  There was a

26

1    business office on Staten Island, a call center.  That's

2    where most of the transactions were ran -- you know, all the

3    processing.

4                THE COURT:  Okay.  All right.  Anything else?

5                MS. SASSO:  Not from the government.  Thank you.

6                THE COURT:  All right.  Based on the information

7    given to me, I find that the defendant is acting voluntarily,

8    fully understands his rights and the consequences of his plea

9    and that there is a factual basis for the plea. I will

10   recommend to Judge Amon that she accept your plea of guilty

11   to Count 2.

12               What's going to happen now is that you are going to

13   be meeting shortly with someone from the Probation Department

14   to prepare the presentence report that we talked about a

15   little bit earlier.  I urge you to cooperate with them,

16   obviously with counsel's advice.

17               And right now the judge has set a date for

18   sentencing of February 8th at 10:00 a.m.  If that's not

19   convenient, or there's some reason to change it, you need go

20   get with the case manager, okay?

21               And I'm assuming that Mr. Rizzi will be remaining

22   on bail pending sentence?

23               MS. SASSO:  The government has no objection to

24   that, Your Honor.

25               THE COURT:  Okay.  All right.  Thank you.

27

```
 1              THE DEFENDANT:  Thank you very much.

 2              MR. SOLANO:  Thank you, Your Honor.

 3         (Proceedings concluded at 3:04 p.m.)

 4    I, CHRISTINE FIORE, court-approved transcriber and certified

 5    electronic reporter and transcriber, certify that the

 6    foregoing is a correct transcript from the official

 7    electronic sound recording of the proceedings in the above-

 8    entitled matter.

 9

10

11    _____          November 14, 2016

12         Christine Fiore, CERT

13

14

15

16

17

18

19

20

21

22

23

24

25
```