d+f

**By Fax – (718) 613-2416**

**By Mail:**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆  AUG - 8 2019  ☆

BROOKLYN OFFICE

Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. Michael Rizzi</u>: 16-cr-342 (CBA)

*The government
is directed to
respond to this
application by
August 12, 2019

So Ordered
s/Carol Bagley Amon
7/25/19

Honorable Judge Carol Bagley Amon,

Please accept this letter as a DEFENDANT'S MOTION TO REMOVE SPECIAL
CONDITIONS IMPOSED ON SUPERVISED RELEASE

On May 25th, 2017 I , the defendant, Michael Rizzi was sentenced before the Honorable Carol
Bagley Amon for a period of 15 months incarceration, followed by a three year term of
supervised release including a condition of that term of supervised release that I have four
additional months of monitored home detention and special conditions of computer monitoring
and a general search condition in which the search can only be conducted when reasonable
suspicion exists.  My counsel did not object to these special conditions and they were so
ordered.  While incarcerated, I have researched these said special conditions and respectfully
seek an order from the court for these conditions to be dismissed as a violation of my Fourth
Amendment right to be free of unreasonable searches.

   A court may order special conditions of supervised release in addition to the usual general
conditions, so long as they are related to: (A) the nature and circumstance of the offense and the
history and characteristics of the defendant; (B) the need for the sentence imposed to afford
adequate deterrence to criminal conduct; (C) the protection of the public; and (D) the
rehabilitative and medical care needs of the defendant.  The condition must also involve no
greater deprivation of liberty than is reasonably necessary for the purposes of sentencing, and it
must be consistent with an pertinent policy statement in the Guidelines.  United States v. Brown,
402 F. 2d at 136-37 (quoting U.S. Sentencing Guidelines Manual $5D1.3(b)).  The condition
"must also involve 'no greater deprivation of liberty than is reasonably necessary for the
purposes' of sentencing, and it must be consistent with any pertinent policy statement' in the
guidelines." Id. at 137 (quoting 18 U.S.C. $3583(d)).

I would argue that these "special conditions" of computer monitoring (which is similar to the
"child pornographer ones" as stated by U.S. Probation Officer Patricia Sullivan during the
sentencing hearing) (please see sentencing transcript p.70, line 6) and a general search condition
in which the search can only be conducted when reasonable suspicion exists are improper
because they are not reasonably related to the underlying offense conduct or conviction, and
involve a greater deprivation of liberty than is reasonably necessary. These conditions are not

* AUSA Jennifer Sasso

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG -8 2019 ★
BROOKLYN OFFICE

By Mail

Honorable Carol Bagley Amon
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. [illegible] 16-cr-342 (CBA)

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

reasonably related to the statutory purpose of supervision and result in a greater deprivation of liberty than is reasonably necessary. "We review the propriety of a supervised release condition, and modifications to the condition, "for abuse of discretion." See United States v. Brown 402 F. 3d 133, 136 (2d Cir. 2005).

"The Second Circuit has explicitly approved the modifications of conditions of supervised release to include the same search condition proposed in the context of sex offenders". United States v. Parisi, 821 F. 3d 346, 348-349; United States v. Zielinski, 511 F. App'x 112, 116 (2d Cir. 2013)." Most recently, in U.S. v. Adams, 2017 U.S. Dist. Lexis 129804 (August 2, 2017), "the defendant between the ages of 15 and 22 was convicted of two felony offenses including the attempted sale of a criminal substance referenced above and robbery 2nd. He was also convicted of a misdemeanor involving a violent fight. He was arrested four additional times for drug possession and fraud. this criminal history indicates defendant's inability of unwillingness to refrain from illegal involvement with drug use and violent behavior." A discretionary condition authorizing Probation to search defendant's person, property, or electronic devices, upon reasonable suspicion is clearly related to the defendant's criminal and personal history and serves the goal of deterring his involvement in further drug offenses and protecting the public from drug trafficking or violent activity.

In Adams, the defendant's extensive criminal history and his inability to refrain from illegal activity are at issue, unlike myself in this matter. I am 47 years old and a former New York City Police Officer with an unblemished record during my service. I have 1 previous misdemeanor conviction from 2010 for gambling and have never had any other "run-ins" with the law until this present matter for money laundering. Specifically, I ran an online escort business, which allowed for the payments of services on credit cards. There was also a firearm found in my home the day of the search warrant, I was brought to the state and charged with criminal possession of a weapon, the charge was eventually dismissed without a conviction. Search of my home incident to my arrest turned up closing documents, of a home I owned and sold to a business partner. Upon further investigation of these documents, the police discovered a bank statement of mine, with the buyers name superimposed on my bank statement, and I was arrested and charged with Bank Fraud Conspiracy 1 day after turning myself in for my 15 month sentence. I served 12 months pre trial in MDC Brooklyn a maximum-security prison awaiting a plea agreement. I signed and allocated to Bank Fraud Conspiracy and got sentenced July 2018 to 14 months consecutive imprisonment, and 2 years additional probation added to my original 3 years of probation, in the Southern District of New York by the Honorable Judge Valerie Caproni. Immediately following my first arrest, I abided by all of my conditions of bail and the pre-trial services department. There was never any accusation of impropriety after my arrest and I have never engaged in any additional criminal activity. So, for the Probation department to seek these special conditions including the warrantless search supported by the "reasonable suspicion" is quite intrusive (to say the least) and overbroad considering my criminal history, instant offense and the likeliness that I will have any other involvement with the criminal justice system.

Even a convicted child pornographer who received a non custodial sentence and had the special condition of computer monitoring [the same monitoring that I would be subject to during my term of supervised release] and appealed to the Second Circuit was vacated as overbroad; see

United States v. Lifshitz, 369 F. 3d 173 (defendant, who pleaded guilty to receiving child pornography on his computer, appealed from a sentence imposed by the United States District Court for the Southern District of New York, conditioning his probation on the installation of a monitoring system on any computer owned or controlled by him. Although the "special needs" of the probation system - rehabilitation and deterrence authorized the monitoring on defendant's computer as a condition of his probation, the condition, as structured, was probably overbroad and was vacated on appeal). In Lifshitz, the actions by that defendant were quite clear, the defendant would browse or download pictures of children in a sexually explicit manner. The underlying conduct of my arrest is much different in which I operated websites for companions and escorts. The websites were uploaded onto the Internet by designers and programmers form their locations (mostly oversees), not by me. The installation of software to monitor me would be more than overbroad as browsing of the Internet is not the crime at issue as it is with child pornographers. Clearly, if the Second Circuit had issue with a child pornographer having computer monitoring as overbroad it would have the same with me.

Your honor, at my sentencing Ms. Sullivan from probation asked for this monitoring after I was sentenced and gave me no prior notice, I didn't know what this search condition and computer monitoring was about. After being released and meeting with my probation officer, he explained it is very intrusive. Probation further explained although Your Honor only ordered monitoring on my home computer, "the condition doesn't work like that." I will not be able to own a smart phone during my probation; I will not be able to work at my own business in a location where there are computers I can use. Your Honor, being an owner /buyer/ retailer of a retail store, I rely greatly on my smart phone, computer point of sale system, and mass emailing. I make many updates and repairs to my point of sale system monthly, it requires I be online. I am now on home confinement in lieu of the Residential Reentry Home, and I am not on probation, so the search condition and computer monitoring are not in effect at this point in time, and everything is fine. I am back at work doing everything I need to do. My probation officer Michael Imrek verbally stated to me to "try to take care of these condition's because it is a bit of overkill" for my circumstances.

RELIEF SOUGHT

   I seek the removal of the special conditions of my term of supervised release which included the use of computer monitoring and the general search condition in which the search can only be conducted when reasonable suspicion exists.

Respectfully submitted,

Michael Rizzi
2045 81st street
Brooklyn, NY 11214

Contact: (917)216-8403
MichaelRizziSr@gmail.com

Cc: Assistant U.S. Attorney Jennifer Sasso
    United States Attorney's Office (Criminal Division)
    271 Cadman Plaza East, 5th Floor
    Brooklyn, NY 11201

**By Email: Jennifer.Sasso@usdoj.gov**