

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MEG:JMS                                    *271 Cadman Plaza East*
F#2014R01020                               *Brooklyn, New York 11201*

August 12, 2019

<u>By ECF</u>

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Michael Rizzi
>        <u>Criminal Docket Number 16-342 (CBA)</u>

Dear Judge Amon:

The government submits this letter in response to Michael Rizzi's undated letter to the Court requesting a modification of the terms of his supervised release. At sentencing in this case, the Court ordered, among other conditions, that Rizzi comply with computer monitoring and searches of his home when reasonable suspicion exists to believe a search is required. Rizzi now requests that the Court remove these terms as more intrusive than necessary.

The government respectfully requests that the Court deny Rizzi's motion, as the special conditions are not overly burdensome and are warranted in light of the nature of his crimes of conviction. Senior U.S. Probation Officer Mike Imrek and his Supervisor, Joanmarie Langone, have informed the government that they believe the conditions are appropriate and should remain in place as well.

I.    <u>Background</u>

As the Court is aware, Michael Rizzi is a retired New York City Police Department officer who owned and operated BJM Consulting ("BJM"), a multi-million dollar internet-based prostitution enterprise. On October 5, 2016, the defendant pled guilty to one count of money laundering conspiracy in violation of 18 U.S.C. § 1956, and on May 25, 2017, the Court sentenced Rizzi to 15 months' incarceration followed by three years of

supervised release with special conditions including home searches and computer monitoring.

As outlined in the Presentence Investigation Report ("PSR"), Rizzi employed dozens of female escorts who collectively made over $2 million during the charged period. The defendant owned the domains for over 80 websites on which he advertised the services of the women who worked for him including nycescortsnyc.com, janeblow.com, pincubine.com, lushplaymates.com, and eliteescortsnyc.com.  PSR ¶ 7.  The websites shared content, language and information, giving the appearance that they were all set up by the same person or entity.  Id. ¶ 8.  Rizzi also opened and operated a merchant credit card account with an online credit card processor, Electronic Merchant System ("EMS").  Id. ¶ 12.  When escorts took a client's credit card information, the defendant or his employees provided that information via the internet to EMS.  Id.

Rizzi additionally maintained and used at least one email account to collect applications from potential escorts seeking employment with him.  The government searched this email account pursuant to a warrant and it revealed that the defendant also used this email account to communicate with various clients, to book jobs for his escorts and to set up interviews with potential new escorts.  Finally, during a search executed in the defendant's home, also pursuant to a warrant at the time of his arrest, law enforcement recovered numerous electronic devices that were being utilized to run the defendant's business. Additionally, they recovered a firearm and physical evidence related to the defendant's illicit enterprise, including receipts and other business-related paperwork.

II.    The Special Conditions Imposed by the Court Are Appropriate and Reasonably Necessary Under the Circumstances

District courts have "broad discretion to tailor conditions of supervised release." United States v. Gill, 523 F.3d 107, 108 (2d Cir. 2008).  A court may impose a special condition of supervised release that:

> (1) is reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) [the nature and characteristics of the offense and the history and characteristics of the defendant], (a)(2)(B) [the need for the sentence imposed to afford adequate deterrence to criminal conduct], (a)(2)(C) [the need for the sentence imposed to protect the public from further crimes of the defendant], and (a)(2)(D) [the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner];
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission.

18 U.S.C. § 3583(d); <u>United States v. Myers</u>, 426 F.3d 117, 123-24 (2d Cir. 2005); <u>United States v. Sofsky</u>, 287 F.3d 122, 125-26 (2d Cir. 2002); <u>see also</u> USSG § 5D1.2(b).

The home search and computer monitoring conditions imposed on Rizzi are undoubtedly related to the nature and characteristics of the offense and hold deterrent value. <u>See</u> <u>United States v. Owad</u>, 363 F. App'x 789, 791 (2d Cir. 2010) (holding computer monitoring related to the nature and circumstances of a case in which the defendant embezzled money using a computer to commit the offense and also yielded necessary deterrence on the defendant). As outlined above, Rizzi's enterprise was operated online. He used internet, web-based accounts, and email, all of which could be accessed on his various devices at a moment's notice, to run his prostitution enterprise. It is thus appropriate that his computer activity be monitored during the supervised release period. <u>See</u> <u>United States v. Johnson</u>, 446 F.3d 272, 281 (2d Cir. 2006)("Restrictions on Internet use may serve several sentencing objectives, chiefly therapy and rehabilitation, as well as the welfare of the community (by keeping the offender away from the instrumentality of his offenses)."). It would be simple for Rizzi to resume this, or another, illicit internet-based business with a single click if given the leeway to do so. The computer monitoring condition provides adequate and necessary ongoing deterrent value. <u>See</u> <u>Owad</u>, 363 F. App'x at 791. Likewise, it was clear from the investigation that Rizzi operated this unlawful business out of his home. The home search condition is not unduly burdensome on the defendant's liberty given that a search can only occur if there is reasonable suspicion that the defendant is again engaged in illegal behavior. Assuming the defendant does not resume this, or any other, illegal activity, this condition will never prove to be an imposition.

Both supervisory conditions are also directly related to Rizzi's personal history and characteristics. This case was not the defendant's first brush with the law and his criminal history demonstrates that prior arrests and punishments failed to deter him from engaging in new criminal schemes. The defendant was previously charged in Queens for running a sports gambling ring involving over 400 bettors placing bets with him. As outlined in the PSR and at sentencing, the defendant took over operation of BJM from a predecessor who was arrested for that conduct and sentenced to a year of incarceration in this District. Neither of these matters deterred Rizzi from engaging in the instant offense. And, during the pendency of this case, Rizzi was charged and convicted of bank fraud conspiracy. Ongoing internet monitoring provides continued deterrence to the defendant to prevent him from engaging in yet another illegal endeavor. <u>See</u> <u>Owad</u>, 363 F. App'x at 791.

Finally, it is important to recognize that the defendant has been on supervised release for a very short time period and has not established a record for compliance with the terms of supervised release. Rather, his letter effectively complains of inconvenience out of the gate, rather than an actual infringement on his Constitutional rights. The defendant specifically complains about his inability to send mass emails for his current business and his

3

inability to have a smart phone.  However, the defendant is not forbidden from operating his business or from computer or internet use in its totality; he may do so on the sanctioned computer.  Any of the alleged inconveniences are far outweighed by the need for continued deterrence and adequately tailored to reflect the manner in which the offenses outlined herein were committed.

III.    Conclusion

        For the reasons set forth above, the government respectfully submits that the supervised release conditions initially imposed in this case were appropriate and the defendant's motion to lift them should be denied.

                                        Respectfully Submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney

                                By:     /s/ Jennifer M. Sasso
                                        Jennifer M. Sasso
                                        Assistant U.S. Attorney
                                        (718) 254-6402

cc:     Clerk of Court (via ECF)
        U.S. Probation Officer Mike Imrek (via E-mail)

4